**Shareese BROWN, Plaintiff–Appellant–Cross–Appellee,**

v.

**Dolores LERMAN, individually and as manager, New York City Department of Social Services, Elizabeth Jacob, individually and as supervisor, New York City Department of Social Services, Barbara Sabol, individually and as Commissioner of the New York City Department of Social Services,**

**Robert Little, individually and as Executive Deputy Commissioner, New York City Department of Social Services, Defendants–Cross–Defendants–Cross–Claimants–Appellees,**

**Zanette SERGEANT, individually and as caseworker, New York City Department of Social Services Defendant–Cross–Defendant–Appellee,**

**Brookwood Childcare Services, Joanne Ramos, individually and as caseworker, Brookwood Childcare Services, Gloria King, individually and as supervisor, Brookwood Childcare Services, Barbara Barnett, individually and as director, Brookwood Childcare Services, and City of New York, Defendants–Cros s-Defendants-Cross-Claimants-Appellees-Cross Appellants.**

No. 02–9314, 02–9368.

United States Court of Appeals, Second Circuit.

Sept. 26, 2003.

Carolyn A. Kubitschek, Lansner & Kubitschek, New York, NY, for Plaintiff–Appellant.

Kim J. Landsman, Patterson, Belknap, Webb & Tyler LLP, New York, NY, for Defendants–Cross–Def endants-Cross-Claimants-Appellees-Cross-Appellants Brookwood Childcare Services, Joann Ramos, Gloria King, and Barbara Barnett.

Scott Shorr, Senior Counsel, New York, N.Y. (Michael A. Cardozo, Corporation Counsel), for Defendant–Cross–Defen-

dant–Appellee Zanette Sergeant, Defendants–Cross–Defendants–Cross–Claimants–Appellees Elizabeth Jacob, Dolores Lerman, Barbara Sabol, and Robert Little, and Defendant–Cross–Defendan t-Cross-Claimant-Appellee-Cross-Appellant City of New York.

PRESENT: JACOBS, LEVAL, and POOLER, Circuit Judges.

### SUMMARY ORDER

Shareese Brown appeals from a judgment entered in the United States District Court for the Eastern District of New York (Trager, *J.*) on September 30, 2002, granting summary judgment to the defendants and dismissing all of her claims. Brown was placed in a foster home when she was 12 years old, and while living there was allegedly raped by the 20–year-old son of her foster parents. She brought suit against Brookwood Childcare Services ("Brookwood"), the City of New York ("the City"), and various individual employees of Brookwood and the New York City Department of Social Services.

The complaint alleges violations of Brown's constitutional rights, pursuant to 42 U.S.C. § 1983, on the theory that defendants failed to (1) properly investigate and certify the foster home, (2) supervise her and protect her from physical violence, and (3) train their employees adequately. She also raised three state law claims. The first was brought against defendants, alleging negligent supervision of a foster child. The second was brought against Brookwood, alleging breach of its contract with the City (to which Brown was a beneficiary). The third was brought against Brookwood employees Ramos, King, and Barnett, alleging social worker malpractice.

We review the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

We affirm for substantially the reasons stated in the order issued by the district court on August 12, 1999 (Nickerson, *J.*).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.